FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 30, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:18-CV-05081-JTR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 15. Attorney D. James Tree represents Christopher S. (Plaintiff); Special Assistant United States Attorney Ryan Ta Lu represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION - 1

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits (DIB) on April 2, 2014, Tr. 123, alleging disability since June 1, 2012, Tr. 232, due to back injuries and nerve problems, Tr. 260.[1] The application was denied initially and upon reconsideration. Tr. 1358-40, 144-48. Administrative Law Judge (ALJ) Larry Kennedy held a hearing on June 9, 2016 and heard testimony from Plaintiff and vocational expert Fred Cutler. Tr. 69-105. The ALJ issued an unfavorable decision on March 13, 2017. Tr. 28-38. The Appeals Council denied review on March 20, 2018. Tr. 1-5. The ALJ's March 13, 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 18, 2018. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 32 years old at the alleged date of onset. Tr. 232. Plaintiff obtained his GED in 1998. Tr. 261. His reported work history includes positions as a CPU clerk for a furniture store, detailer for a car dealership, and laborer in a factory. Tr. 250, 261. Plaintiff was hired by Sykes Enterprises Inc. in June of

---

[1] Plaintiff filed a prior application for benefits on September 12, 2012, Tr. 106, alleging an onset date of August 2, 2012, Tr. 107. The application was denied on November 9, 2012. Tr. 135-37. It does not appear that any appeal was filed. The Court finds that by making a determination of disability that overlaps the period of time at issue in the prior August 2012 application, the ALJ de facto reopened the prior adjudication. *See Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001).

2015, Tr. 243, and was employed by Swift Transportation as a commercial truck driver from August 27, 2015 through September 8, 2015, Tr. 244.

When applying for benefits Plaintiff reported that he stopped working on August 18, 2008 because of other reasons, but he believed that his conditions became severe enough to keep him from working on October 13, 2010. Tr. 260.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *see Bowen*

*v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. § 404.1520(a). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, he is found "disabled." 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 13, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from June 1, 2012 through the date of the decision. The ALJ found that Plaintiff had met the insured status for Disability Insurance benefits through December 31, 2013. Tr. 30.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from June 1, 2012, through December 31, 2013. Tr. 30.

At step two, the ALJ determined that Plaintiff had the following severe impairment: history of thoracic spine facture with kyphosis. Tr. 30.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 32.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a range of light work with the following limitations:

> [T]he claimant can occasionally balance, stoop, kneel, or crouch. He may not climb or crawl. He must have no exposure to vibrations. The claimant must take precautions due to possible seizures, including

avoiding exposure to unprotected moving mechanical parts or unprotected blades. He must avoid unenclosed or unprotected heights, and working near large and unprotected bodies of water, or vats or tubs of liquids.

Tr. 32. The ALJ identified Plaintiff's past relevant work as stores laborer, industrial truck operator, furniture assembler, industrial cleaner, automobile detailer, and tractor trailer driver and found that he could not perform this past relevant work. Tr. 36.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of cashier II, fast food worker, and housekeeping cleaner. Tr. 38. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from June 1, 2012, through the date last insured, December 31, 2013. *Id*.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly address Plaintiff's symptom statements, (2) failing to properly address the medical opinions in the file, and (3) failing to fully develop the record.

**DISCUSSION[2]**

**1. Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that his symptom statements were unreliable. ECF No. 14 at 6-13.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the

---

[2]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held

ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995*)*. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms to be "not entirely consistent with the medical evidence and other evidence in the record." Tr. 35. Specifically, the ALJ found that Plaintiff's symptom statements were inconsistent with (1) the medical evidence, (2) receipt of a commercial driver's license (CDL), and (3) applying for a job he could perform. Tr. 35.

### A. Medical Evidence

An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's testimony. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). *See Lester*, 81 F.3d at 834 (ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence); *but see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (Although it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence

---

that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent Lucia applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

is a "relevant factor in determining the severity of the claimant's pain and its disabling effects.")

Here, the ALJ summarized Plaintiff's symptom statements and summarized the objective medical evidence in the file. Tr. 33-35. However, he never linked specific testimony to specific evidence to demonstrate any inconsistencies. *Id*. Defendant argues that the ALJ's findings were still sufficient because "reasonable inferences" could be drawn from the decision. ECF No. 15 at 11. However, the "clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) *citing Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). Therefore, Defendants' reasonable inferences standard is insufficient under the clear and convincing standard.

**B.  CDL**

Plaintiff challenged the determination that his application for and receipt of a CDL was inconsistent with his symptom statements. ECF No. 14 at 11-12. The ALJ found that a receipt of a CDL includes a medical examination subject to federal and state regulations with physical qualifications certified by a medical examiner that the individual is qualified or conditionally qualified to perform the job. Tr. 35. Therefore, the receipt of such a certification was inconsistent with Plaintiff's allegations. *Id*. Defendant raises no objection to Plaintiff's challenge. ECF No. 15 at 8-12.

**C.  Work Activity**

Plaintiff also challenged the ALJ's determination that his symptom statements were inconsistent with applying for a job and working after the date last insured. ECF No. 14 at 11. Defendant presents no defense to Plaintiff's challenge, but concedes the issue by stating "not all of the ALJ's reasons for rejecting a claimant's allegations need be valid for the determination to be upheld." ECF No. 15 at 12.

By not addressing Plaintiff's receipt of the CDL and conceding that his work history was not sufficient to support the ALJ's determination, Defendant relies solely on the ALJ's finding that Plaintiff's symptom statements were inconsistent with the medical evidence. This is not enough to support the ALJ's determination. *Rollins*, 261 F.3d at 857. Therefore, the case is remanded for the ALJ to properly address Plaintiff's symptom statements.

### 2. Medical Opinions

Plaintiff argues the ALJ's determination giving great weight to the opinion of Robert Hoskins, M.D. was not supported by substantial evidence. ECF No. 14 at 13-15. Considering the case is being remanded for additional proceedings, the ALJ will readdress medical opinions in the file.

### 3. Develop the Record

Plaintiff argues that the ALJ failed to fully develop the record by failing to order a consultative examination or obtain medical expert testimony at a hearing. ECF No. 14 at 16-19.

"In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Smolen*, 80 F.3d at 1288. This duty is triggered when the evidence is ambiguous or when the record is inadequate to allow for a proper evaluation. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

Here, the Court need not make any finding that the record was ambiguous or inadequate because the case is already being remanded for other reasons. *See supra*. However, upon remand, the ALJ will call a medical expert to address Plaintiff's physical impairments during the relevant time period, provide an opinion regarding Plaintiff's residual functional capacity, and be subject to cross examination by Plaintiff's representative.

## REMEDY

Plaintiff urges the Court to apply the credit-as-true rule and remand this case

for an immediate award of benefits. ECF No. 14 at 13.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, we remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even when the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, the record as a whole in this case creates serious doubt that Plaintiff is disabled during the relevant period. However, due to the need for the ALJ to readdress Plaintiff's symptom statements, remand for further proceedings is proper in this case. Additionally, the ALJ will call a medical expert to provide testimony regarding Plaintiff's impairments during the relevant period, to provide a residual functional capacity opinion during the relevant period, and to be subject to cross examination by Plaintiff's representative.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part,** and the matter is **REMANDED** for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED April 30, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION - 10